No. ——

First Circuit

SCARDINO v. WHITNEY
MOSS TIE CO., Intervenor

(December 6, 1927. Opinion and Decree.)
(January 5, 1928. Rehearing Refused.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Sales—Par. 309.**

A privilege on movables does not follow them into the hands of an innocent third purchaser.

ON REHEARING

2. **Louisiana Digest—Sales—Par. 309.**

Act No. 195 of 1912, creating a lien on telegraph poles, crossties, etc., does not make the lien follow the movable property into the hands of an innocent third purchaser.

Appeal from the Parish of Iberville. Hon. W. C. Carruth, Judge.

Action by Joseph Scardino against George E. Whitney. T. J. Moss Tie Company, Intervenor.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Schwing, Morrison, Schwing & Obier, of Plaquemine, attorneys for plaintiff, appellant.

Laycock, Borron & Laycock, of Plaquemine, attorneys for Intervenor, appellee.

LECHE, J. Plaintiff seeks to have some 2200 crossties, manufactured by defendant, recognized as affected with a lien and privilege to secure $536.63 advanced by him in money and supplies to enable defendant to manufacture the ties.

The T. J. Moss Tie Company intervened, claimed ownership of the ties, and contested the existence of plaintiff's alleged lien and privilege.

The trial court held that the evidence failed to show with clearness and certainty that the advances were used by defendant for the purpose of manufacturing the ties, refused plaintiff's demand, and adjudged intervenor to be the owner of the ties.

The evidence is clear to the effect that defendant was not an employee of intervenor, that the ties were manufactured by defendant for his own account, and that they were by him sold to intervenor; that delivery was made on the banks of Bayou Grosse Tete and that intervenor paid defendant the purchase price of the ties before they were seized by plaintiff. The evidence fails to show any privity between plaintiff and intervenor or any fraud or concealment on the part of intervenor towards plaintiff. According to the general tenor of the testimony, intervenor was an innocent third person and bought the ties in good faith. Under this state of facts, plaintiff's asserted privilege, if it did exist, could not follow the ties, a movable, into the hands of intervenor.

For this reason the judgment of the District Court should be affirmed.

ON APPLICATION FOR REHEARING

LECHE, J. In the original opinion, the writer thereof said: "The evidence fails to show any privity between plaintiff and intervenor, or any fraud or concealment on the part of intervenor towards plaintiff."

This was mere surplusage and not necessary to a decision of the case, as plaintiff did not charge fraud or concealment in his answer to the petition of intervention of the T. J. Moss Tie Company, and therefore might have been omitted from the opinion without affecting the reasons upon which the opinion was based.

Plaintiff in his application for rehearing admits the correctness of all the facts stated in the opinion of this court, but contends that under Act 195, p. 382, of 1912, his alleged privilege followed the ties in the hands of intervenor after intervenor had purchased them from defendant. We see nothing in that act to justify that assumption. On the contrary, the last clause of the act, in Section 4, gives the privilege holder a right to seize the ties where they are about to be disposed of or removed from the parish. The obvious inference is that where the ties have been disposed of, as they were in this case, they may not be seized.

It must be kept in mind that this is not an action by a privileged creditor to avoid a sale as made in fraud of his rights. No fraud is alleged in plaintiff's answer to the intervention, and none was proved.

The only purpose subserved by a privilege on a movable is to give the privilege holder a preference over other creditors of the debtor. Movables are not affected by registry and the only instances in which privileges follow them, so far as we know, are in the case of the erection of buildings and in the granting of chattel mortgages. See the case of Dreyfous vs. Cade et al., 138 La. 298, 70 So. 231, where the subject is thoroughly discussed.

Rehearing refused.